

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 17-273 |
| | ) | |
| DEVON DIXON | ) | [UNDER SEAL] |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and Timothy M. Lanni, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a four-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Distribution of Heroin and Fentanyl Resulting in Serious Bodily Injury<br><br>On or about October 20, 2016 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| 2 | Possession with Intent to Distribute Heroin and Fentanyl<br><br>On or about October 20, 2016 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| 3 | Felon in Possession of a Firearm<br><br>On or about October 20, 2016 | 18 U.S.C. § 922(g)(1) |
| 4 | Possession of a Firearm in Furtherance of a Drug Trafficking Crime<br><br>On or about October 20, 2016 | 18 U.S.C. § 924(c)(1)(A)(i) |

## II. ELEMENTS OF THE OFFENSE

A. **As to Counts One and Two:**

For the crime of possession with intent to distribute and/or distribution of heroin and/or fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the United States must prove elements one through three of the following four elements beyond a reasonable doubt. To hold the defendant responsible for distribution of heroin and/or fentanyl resulting in serious bodily injury, the United States must prove each of the following four elements beyond a reasonable doubt.

1. That the defendant knowingly possessed a mixture or substance containing a controlled substance;

2. That the defendant had an intent to distribute or distributed the mixture or substance;

3. That the mixture or substance contained heroin and/or fentanyl;

4. That the heroin and/or fentanyl the defendant distributed resulted in serious bodily injury of a user of the fentanyl; that is, that the heroin and/or fentanyl was a but-for cause of the serious bodily injury of a user of the heroin and/or fentanyl.

B. **As to Count Three:**

In order for the crime of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That DEVON DIXON has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year.

2. That after this conviction, DEVON DIXON, knowingly possessed a

firearm.

    3.    That DEVON DIXON's possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G.

**C.    As to Count 4:**

In order for the crime of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That DEVON DIXON committed the crime of possession with the intent to distribute and/or distribution of a quantity of heroin and/or fentanyl as charged in Counts 1 and 2 of the Indictment; and

    2.    That DEVON DIXON knowingly possessed a firearm.

    3.    That DEVON DIXON's possession of the firearm was in furtherance of the drug trafficking crime.

### III.  PENALTIES

**A.    As to Counts One and Two: Possession with intent to distribute and distribution of a quantity of heroin and fentanyl (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

    1.    A term of imprisonment of up to 20 years.

    2.    A fine of up to $1,000,000.

    3.    A term of supervised release of at least three years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

    1.    A term of imprisonment of up to 30 years.

    2.    A fine of up to $2,000,000.

3. A term of supervised release of at least six years.

If the heroin and/or fentanyl the defendant distributed resulted in serious bodily injury of a user of the heroin and/or fentanyl:

1. A term of imprisonment of at least 20 years and up to life.

2. A fine of up to $1,000,000.

3. A term of supervised release of at least 3 years.

If the heroin and/or fentanyl the defendant distributed resulted in serious bodily injury of a user of the heroin and/or fentanyl, and the defendant has at least one prior felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of a minimum of life.

2. A fine up to $2,000,000.

**B.   As to Count 3: Felon in possession of a firearm (18 U.S.C. § 922(g)(1)):**

1. A term of imprisonment of not more than ten (10) years.  However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

2. A fine of not more than $250,000 (18 U.S.C.§ 3571(b)(3)).

3. A term of supervised release of not more than three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

**C.   As to Count 4: Possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. 924(c)(1)(A)(i)):**

1. A term of imprisonment of not less than five (5) years nor more than life imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection,

nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the drug trafficking crime.

    2.    A fine of $250,000 (18 U.S.C. § 3571(b)(3)).

    3.    A term of supervised release of not more than five (5) years (18 U.S.C. §§ 3583(b)(1), 3559(a)(1)).

### IV.    MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed for each count of conviction, pursuant to 18 U.S.C. § 3013.

### V.    RESTITUTION

Restitution may be ordered as a result of the serious bodily of the person who used the heroin and/or fentanyl as referenced in the Indictment.

### VI.    FORFEITURE

Not applicable at this time.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney

*/s/ Timothy M. Lanni*
TIMOTHY M. LANNI
Assistant U.S. Attorney
NJ ID No.011242012

5